# CIVIL CASE NO. 15-1328

## UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT

M.D. Leena Varughese,

                    Plaintiff - Appellant,


                              v.


Mount Sinai Medical Center, Patrick Lento M.D., Adolfo Firpo-Betancourt M.D., Carlos Cordon-Cardo M.D., Ira J. Bleiweiss M.D., John Does, 1-10,
                    Defendants - Appellees,

ABC Corporation, Inc., 1-10,

                    Defendant.


## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK
(Case No. 12-cv–8812)


## PETITION FOR REHEARING BY THE APPELLANT LEENA VARUGHESE, MD

Leena Varughese, M.D.
*Pro Se Appellant*
*904 River Rd*
*Piscataway, NJ 08854*
*PH: 908-265-7536*

# **TABLE OF CONTENTS**

|  | Page(s) |
|---|---|
| Table of Contents | i |
| Table of Authorities | ii |
| Statement of Subject Matter & Appellate Jurisdiction | 1 |
| Statement of the Case | 1 |
| Summary of Arguments | 2-8 |
| Statement of relief sought | 9 |
| Certificate of Compliance | 10 |
| Certificate of Service | 11 |

## **TABLE OF AUTHORITIES**

**Cases:** Refer to prior briefs

**Statutes & Rules:**

42 U.S. Code § 2000e et seq - Unlawful employment practices

42 U.S. Code § 1981, 1981a - Equal rights under the law

New York State Executive Law, Article 15, Human Rights Law, §§ 290 - 301

The New York City Human Rights Law, N.Y. Admin. Code § 8-109, et seq.

JURISDICTIONAL STATEMENT

This action originated in the United States District Court for the Southern District of New York. Plaintiff, Dr. Leena Varughese filed a complaint after suffering discrimination, retaliation, and tortious conduct in violation of federal, state, and local statutes and rules conducted against Plaintiff by Defendants, Mount Sinai Medical Center et al.

This demand for rehearing of the case seeks to reverse the judgment on motion for summary judgment to Defendants by the district court and the summary order of the second circuit court of appeals, which in March 2015 granted the Defendant's motion for summary judgment and granted a summary order against the appellant Plaintiff. This United States Court of Appeals for the 2nd Circuit has proper jurisdiction to hear this appeal, pursuant to 28 U.S.C. § 1291.

STATEMENT OF THE CASE

Leena Varughese, M.D. filed this appeal in April 2015, in the United States Court of Appeals for the 2nd Circuit, seeking a reversal of a decision from the United States District Court for the Southern District of New York. The second circuit court of appeals did not follow the law in ruling against Dr. Varughese and therefore, a rehearing en banc is demanded. Refer to prior submissions in this appeals court as well as the entirety of the evidence submitted in Southern District of New York that is relevant to the de novo review of this case.

## STATEMENT OF ARGUMENTS

Dr. Leena Varughese has practiced medicine competently and without any question as to her judgment on providing patient care or her professionalism in the context of actual definition of professionalism in medicine, not the fanciful ill-educated deranged wishful meanderings of Defendants, Mt. Sinai Medical Center et al. Varughese has remained in good standing with New York State through multiple and repeated investigations. In fact, Varughese remains a professional who has consistently deescalated and provided the necessary health care to her patients in the face of crises created by the racist sexist Defendants and it's proxies. Varughese is a competent physician and if not for the termination of her employment and the pre- and post-termination retaliatory actions against her and her career that have compounded over the years, Dr. Varughese would be a formidable force in her field of Anatomic and Clinical Pathology that is rife with many egregious problems affecting public health and welfare.

The three judge panel composing of active Judges Carney, Droney, and retired Judge Sack of the Second Circuit Court of Appeals has issued a summary order that seeks to defraud Dr. Varughese of her civil rights and liberties in her employment and career, for the explicit and impermissible purpose of covering up for the racist sexist retaliating Defendants and shielding them from the legal liability for their impermissible unlawful actions and activities. Varughese, the pro

2

se Plaintiff, an individual woman of color and a medical professional who works at the highest of standards, is baffled at this egregious conduct and intentional mudslinging directed at her, pattern from Defendants and Judge McMahon and Magistrate Francis. The panels assessments doesn't even pertain in anyway to the facts of the case, including the claims of torts, to civil rights violations to retaliation, but only serves to malign and disenfranchise her. This is unacceptable as there is no feasible way, that as a legal outcome to this case, can be determined in any way against the Plaintiff on legal grounds or factual grounds, particularly so using these odd new allegations that fundamentally has no basis in facts.

The standard for summary judgment is that the evidence is viewed in totality, not piecemeal or distorted to rig a specific legal conclusion that frees the Defendants of legal liability. The evidence in Varughese v. Mt. Sinai Medical Center et al SDNY 12-cv-8812, consisting of both direct and indirect documentations to testimony to timelines to emails to documents all support the Plaintiff's cause of actions on discrimination, retaliation, and tortious activities that have singled her out, targeted her, and caused her extensive damages over the past 7 years. The court can only consider the movant's evidence that is not contradicted or not impeached, and was provided by disinterested parties. In this case, the Plaintiff submitted extensive admissible evidence to contradict, impeach, and to illustrate that the Defendants version of the events are provided by parties and witnesses who have engaged in unlawful conduct and have conflicts of interests

that directly affect their incomes and/or federal standing as an organization or professional. In deciding, Rule 50 motions, the Judges must not perform an ultimate weighing of evidence to determine the credibility of witnesses. McMahon used the court as a bully pulpit to be clearly erroneous and ignore the disputes of fact that lead to this litigation. Then, she explicitly maligns Varughese by engaging in clearly impossible allegations that are intended to mar Varughese's professional record, credibility, and take attention away from the nightmarish facts of her employment to which she was singled out and subjected to by the racist sexist Defendants, Mount Sinai Medical Center et al. Varughese, given her pro se status, and the lack of resources to extensive background investigations into Judge McMahon or any other Judge, contends that McMahon and her husband Frank Vincent Sica likely has various financial dealings, personal, and business activities with individuals who have financial benefits from Mount Sinai Health System and it's subsidiaries in New York, as well as their close financial and professional ties to George Soros that span decades. Judge McMahon should never have been assigned this case and she should be removed from this case, as it is well known that she is not the type to recuse herself from cases when she should clearly do so per McMahon's prior conduct.

Varughese has proved that the totality of the case and evidence is thoroughly in her favor, and at the oral argument, Varughese most definitely also testified as to that effect adding to her statement that comments and actions by the proxies for the

Defendants and the named Defendants were in lieu of punitive actions that targeted and singled out Varughese. The Defendants have and continue to consistently play fast and loose with facts, statements, and misrepresent the individual Pro Se vulnerable plaintiff Varughese, despite the negative consequences and lack of remedy with harm that arise from such unlawful actions against Varughese. The ongoing actions to shield the Defendants from their actions are uncivilized and not worthy of the officers of any public office, especially those coming from this Judiciary. You are entrusted to ensure laws are enforced and followed by big powerful actors and to ensure accountability and opportunity to those unlike themselves. This current panel's decision is rotten to the core that specifically cling to an old white supremacist bygone days and era that has no business being harkened to in any iteration, including this sort of soft-core racism sexism and harassment and high tech lynching of Plaintiff that has been engaged in by the Defendants already.

The court also continues to erroneously utilize improper evidence and/or even fabricated false new details to malign the Plaintiff Varughese's professional credentials and her superior qualifications in performing her work at her discretion as the licensed professional directly responsible for her patients. Plaintiff was also uniquely privy to extensive details of her workplace and is the witness to the entirety of critical events and incidents but the judicial panel has consistently ignored her testimony on the whole and/or within context of the events and the

standards of those that are applied to whites and others doctors. The panel's summary order only compounds the clearly erroneous activity on facts of the lower trial court, such that from the facts to the rationalization and logic to support the lower court have continued to lead to wildly fanciful conclusions and false decisions. It's as if monkey see, monkey does is the modus operandi of this judicial panel to support and shield the unlawfully discriminating and retaliating Defendants who created pretext and discriminated against Varughese along with their illegal practices.

Varughese acknowledges that she has not done anything wrong, and in fact, she has consistently stated that the white minds are poor determinants of fair, rational, reasoned, and correct legal parameters of civil rights law and the protections to be afforded against impermissible discrimination. This impermissible bias in law and employers have been determinedly proved to affect minorities and women negatively including professionals like Dr. Varughese, and to lead to unfair, unlawful, and biased legal rulings against minorities and women against the interests of our shared democracy as much as those of the interests of Varughese and her future. These explicit and implicit racist sexist conduct cost many good doctors and professionals a fair chance at leading proper careers based on their educational investments. The erroneous attacks are premised enabling disenfranchisement and marginalization of Varughese which also only promotes the incompetence of this proven unequal unjust systems. The scapegoating and

attack on Varughese in this litigation or anywhere else is unacceptable. The court has a duty to return to the case and issue a summary order in favor of Varughese, not the Defendants.

The Defendants have not met their burden of production, particularly to support the current summary order by Judges Droney, Carney, and Sack. Varughese who has been privy to the circumstances and the standard operations of her work and her workplace can categorically prove them wrong on their assessment as much as the total negligence of the law, and as a licensed medical doctor, Varughese does not recognize the current allegations by the court as even remotely credible, and she has especially proved as much with the well-reasoned legal briefs and submissions of evidence to the Southern District of New York and to this court by the Plaintiff herself. Plaintiff did not do anything wrong nor cause any of the myriad problems that have existed at Mount Sinai Medical Center and in their various clinical departments with it's incompetent leadership and poor adherence to necessary standards required of them.

Varughese specifically inquired as to the mind of the Judicial panel on her case and they made no mention of any questions as to whether Varughese had in anyway escalated any events during her employment, which for all intents and purposes, Varughese did not and could not. In fact, beyond a shadow of doubt, Varughese clearly deescalated problems being the utmost professional that she is and she has demonstrated through evidence that includes audio records of entire

events and workplace activities. Two, at the oral argument, Varughese also specifically stated that she was singled out from her white and/or male colleagues and that the Defendants has made her into a moving target. While the question isn't ever of escalation or not, the Defendants are not only racist sexist retaliating frauds, but if this court wants to point fingers at escalation, they must squarely direct it at the Defendants that had not only escalated their illegal practices to scapegoat Dr. Varughese. Hence, this case as the Plaintiff had stated should have been resolved and "settled" in her favor many years ago or should proceed to trial. Plaintiff also specifically identified illegal actions of Mount Sinai Medical Center's Marina Lowy for the Defendants that inexplicably defy established law and her coordination with outside counsel Rory McEvoy on this case to also defy established law to harm Dr. Varughese, which must cease immediately.


## STATEMENT OF RELIEF SOUGHT

This court has a legal duty to review the case de novo, rather than hide behind a 129 page decision by Judge McMahon, per Judge Carney's summation of the lower court's decision, who has too many conflicts of interests to even begin naming them from just my cursory review. The legal standard for the review of the case because of the mixed legal issues of facts and law is de novo and as to the clearly erroneous standard, this application is reserved to facts. The facts are clearly in dispute per Plaintiff's extensive submission of the record in lower court

2084519, Page13 of 18

that is readily assessed bar the improperly sealed documents. Judge McMahon has single handedly bungled the facts, as she has a long illustrious record of doing so to the dismay of many reasonable persons from all walks of life, except her cabal status quo. She cannot handle cases competently because she is corrupt and unprofessional. No jury is going to look at the facts, the law, and the ongoing harm that can be remedied to arrive at the conclusion that Defendants have no legal liability for their unlawful conduct against Varughese.

In addition, without the court to protect Varughese from the Defendants, many of them who are egregiously unqualified to incompetent, not just unlawfully discriminating against Varughese, continue to defraud Varughese with the explicit support and protection of this court. Finally, the Defendants' lawyer did not represent his clients at the oral argument, while he was seen and photographed by Varughese at the court with a caucasian female and in the main lobby area on the day of the oral argument June 29, 2017. Varughese was also scheduled to be in the middle of the schedule for the oral argument and was unceremoniously and unexpectedly pushed to present first. Therefore, the question here is exactly what sort of nonsense was this court engaging in with the counsel such that this could occur that Defendants' lawyer does not have to appear before the panel. If the court and the judicial panel was participating in any ex parte activity with any express purpose is improper and unacceptable to Varughese.

Plaintiff demands a reversal of the most recent improper summary order and an en banc hearing of the case because of the grossly incompetent arrival at an arbitrary and capricious decision not in keeping with the facts of the case nor the law, such as seen by the most recent example of the egregiously improper misrepresentation of few words from many statements made by Plaintiff in an oral argument out of context to construe and attribute a nondiscriminatory agenda to the Defendant institution and it's proxies.

## CERTIFICATE OF COMPLIANCE

I, Dr. Leena Varughese, certify that this document contains 3,900 words or less.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Varughese, L

### CERTIFICATE OF SERVICE*

Docket Number: 15-1328

v.

Mt. Sinai Medical Center et al

I, Leena Varughese, MD _____, hereby certify under penalty of perjury that
(print name)
on July 20, 2017 _____, I served a copy of Petition for rehearing en banc
(date)

_____
(list all documents)

by (select all applicable)**

___ Personal Delivery      ___ United States Mail      ___ Federal Express or other
                                                            Overnight Courier

___ Commercial Carrier    _x_ E-Mail (on consent)

on the following parties:

| Rory Mcevoy | 666 Fifth Ave | NY | NY | 10174 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

07/20/2017 _____        /s/ Leena Varughese _____
Today's Date                          Signature

Certificate of Service Form (Last Revised 12/2015)

15-1328
*Varughese v. Mount Sinai Med. Ctr.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1       At a stated term of the United States Court of Appeals for the Second Circuit, held at
2  the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York,
3  on the 7th day of July, two thousand seventeen.

5  PRESENT:
6          ROBERT D. SACK,
7          SUSAN L. CARNEY,
8          CHRISTOPHER F. DRONEY,
9               *Circuit Judges.*

12  LEENA VARUGHESE, M.D.,

14       *Plaintiff-Appellant,*

16          v.                      No. 15-1328

18  MOUNT SINAI MEDICAL CENTER, PATRICK
19  LENTO, M.D., CARLOS CORDON-CARDO, M.D.,
20  ADOLFO FIRPO, M.D., IRA J. BLEIWEISS, M.D.,
21  JOHN DOES, 1-10,

23       *Defendants-Appellees,*

25  ABC CORPORATION, INC., 1-10,

27       *Defendant.*

| | |
|---|---|
| 1 FOR PLAINTIFF-APPELLANT: | LEENA VARUGHESE, M.D., *pro se*, |
| 2 | Piscataway, New Jersey. |
| 3 | |
| 4 FOR DEFENDANTS-APPELLEES: | RORY J. MCEVOY, Akerman LLP, New |
| 5 | York, New York. |

6       Appeal from a judgment of the United States District Court for the Southern District

7  of New York (McMahon, *C.J.*).

8       **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

9  **ADJUDGED, AND DECREED** that the March 31, 2015 judgment entered by the District

10  Court is **AFFIRMED**.

11       Appellant Leena Varughese, proceeding *pro se*, appeals the District Court's grant of

12  summary judgment to defendants on her employment discrimination claims. We review a

13  district court's grant of summary judgment *de novo* and focus on whether the district court

14  properly concluded that there was no genuine dispute as to any material fact and that the

15  moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d

16  163, 164 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts and the

17  procedural history of this case, to which we refer only as necessary to explain our decision to

18  affirm.

19       Review of the record and relevant case law here reveals that the District Court properly

20  granted summary judgment to defendants. We affirm for substantially the reasons stated by

21  the District Court in its thorough March 2015 decision. The record supports the District

22  Court's conclusion that no reasonable jury could find that Varughese, a woman of Indian

23  descent, was denied a promotion, disciplined, and ultimately terminated for discriminatory

24  reasons, as opposed to for her unacceptable behavior in a series of escalating incidents. *See Holt*

25  *v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996) (holding that employee's "disruptive"

26  behavior and refusal to "take direction from her supervisors" were "legitimate reasons for

27  firing [her]"). As to her hostile work environment claim, we draw all inferences in Varughese's

28  favor and consider as evidence of discrimination her supervisor's repeated remark that "you

29  don't know the crazy things you find in India." Joint Appendix ("J.A.") 151. Varughese

1    testified, however, that the supervisor made the comment rarely: over three years, only "at least

2    like four" times. J.A. 152. Even accepting that these comments may have evidenced

3    discrimination, as a matter of law they were insufficiently severe and pervasive to constitute a

4    hostile work environment. *See, e.g.*, *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 547 (2d Cir. 2010)

5    ("Isolated incidents generally will not suffice to establish a hostile work environment unless

6    they are extraordinarily severe."); *Alfano v. Costello*, 294 F.3d 365, 378-81 (2d Cir. 2002)

7    (concluding that "five incidents in a span of more than four years" did not amount to a hostile

8    work environment).

9         We have considered all of Varughese's remaining arguments and conclude that they are

10   without merit. Accordingly, we **AFFIRM** the March 31, 2015 judgment of the District Court.

11
12                            FOR THE COURT:
13                            Catherine O'Hagan Wolfe, Clerk of Court

3